IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TYRONE WASHINGTON, :
:
Petitioner, :
:
v. : Civil Action No. 17-1274-RGA
:
DANA METZGER, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
Respondent. :

## MEMORANDUM OPINION

Tyrone Washington. *Pro se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

March 7, 2019
Wilmington, Delaware


ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Tyrone Washington is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss the Petition as Time-Barred (D.I. 12) simultaneously with the proposed Motion to Dismiss (D.I. 12-1). Petitioner filed a Reply in Opposition to the Motion to Dismiss. (D.I. 18) For the reasons discussed, the Court will grant the State's Motion for Leave to File a Motion to Dismiss and its Motion to Dismiss (D.I. 12; D.I. 12-1), and deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In 2000, a Delaware Superior Court jury convicted Petitioner of six counts each of trafficking in cocaine and delivery of cocaine; multiple counts of maintaining a vehicle and a dwelling for keeping controlled substances; and other drug related charges. (D.I. 12-1 at 2); *see also Washington v. State*, 788 A.2d 132 (Table), 2001 WL 1586865, at *1 (Del. Dec. 6, 2001). The Superior Court sentenced him on November 11, 2000 to a total of eighty-eight years at Level V, to be suspended after sixty-five mandatory years and successful completion of the Key drug treatment program, followed by probation. (D.I. 12-1 at 2) Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences on December 6, 2001. *See Washington*, 2001 WL 1586865, at *2.

On January 17, 2014, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 16-11 at 9, Entry No. 104) The Superior Court denied the Rule 61 motion on September 21, 2016, and the Delaware Supreme Court affirmed that decision on May 2, 2016. *See State v. Washington*,

2016 WL 5239644, at 14 (Del. Super. Ct. Sept. 21, 2016); *Washington v. State*, 169 A.3d 353 (Table), 2017 WL 3096227, at *1 (Del. July 20, 2017).

Petitioner filed the instant Petition in September 2017, asserting, *inter alia*, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), prosecutorial misconduct, and several instances of ineffective assistance of counsel.

## II.  ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year

period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on December 6, 2001, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on March 7, 2002. Applying the one-year limitations period to that date, Petitioner had until March 7, 2003 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until September 2, 2017,[1] more than fourteen years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

---

[1]The Petition is dated September 2, 2017, and the electronic stamp on the Petition is dated September 7, 2017. Since the five day difference between the two dates does not affect the timeliness of the instant Petition, the Court adopts September 2, 2017 as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

3

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner did not file his Rule 61 motion until January 17, 2014,[2] almost thirteen full years after AEDPA's limitations period expired in March 2003. Consequently, the Rule 61 motion does not statutorily toll the limitations period in this case. Accordingly, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the

---

[2]The motion for the appointment of counsel that Petitioner filed in the Delaware Superior Court in December 2002, and the motion for an extension of time to file a Rule 61 motion that he filed in the Superior Court in February 2005, do not trigger statutory tolling, because they were not "properly filed" post-conviction motions for the purposes of § 2244(d)(2).

late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner contends that ineffective assistance on the part of his trial, appellate, and post-conviction attorneys amounted to extraordinary circumstances that prevented him from filing his Petition in a timely manner. Since Petitioner does not specifically identify which instances of ineffective assistance warrant equitable tolling, the Court presumes that Petitioner presents all the instances of ineffective assistance set forth in his Petition as warranting such tolling.[3] Despite this liberal construction, Petitioner's argument is unavailing. Although the Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes,[4] an "egregious error" includes

---

[3] The Petition asserts that defense counsel provided ineffective assistance by failing to file a motion to suppress, for failing to investigate discovery material, for failing to request the dismissal of the indictment, for failing to request a mistrial, for failing to request a continuance, for failing to object to two jurors, for failing to discuss trial strategy, for failing to subpoena an alibi witness, for failing to obtain videotape from the Wal-Mart store, for not objecting to the admission of prior acts evidence without a *Getz* analysis, for failing to succeed on the motion to dismiss on the basis that Petitioner's speedy trial rights were violated, for failing object to the perjury committed by the State's witness, for failing to successfully argue that the State's witness did not qualify as an expert, and for failing to object to the Medical Examiner's testimony. The Petition also asserts that appellate and post-conviction counsel were ineffective for failing to raise these issues on appeal and in Petitioner's Rule 61 proceeding.

[4] *See Holland*, 560 U.S. at 635-54.

instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). None of Petitioner's complaints about his attorneys' performance amount to "egregious errors." Consequently, Petitioner's ineffective assistance of counsel allegations do not trigger equitable tolling. *See Holland*, 560 U.S. at 651-52 ("We have previously held that a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling.").

Moreover, even if the Court presumed that Petitioner's attorneys' conduct was so egregious that it rose to the level of "extraordinary circumstances," Petitioner has not demonstrated that he exercised reasonable diligence in pursuing his claims. For instance, Petitioner has not explained why he waited approximately fifteen years after his conviction became final before presenting his federal habeas petition in this Court. Relatedly, he has failed to demonstrate that any alleged ineffectiveness on the part of his attorneys actually prevented him from filing the instant Petition in a timely fashion, especially since he was able to file the instant Petition on his own.

In addition, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Petitioner asserts that he exercised reasonable diligence because he asked the Superior Court to appoint counsel in December 2002 in order to draft a Rule 61 motion and he also asked the Superior Court in February 2005 to extend the time to file a Rule 61 motion. This argument is

---

[5]*See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

unpersuasive, because Petitioner did not file anything in the state courts from March 1, 2005 through September 6, 2013. In other words, Petitioner's eight years of inactivity defeats his ability to demonstrate reasonable diligence. The Court also notes that Delaware's procedural rule requiring ineffective assistance of counsel claims to be presented in a Rule 61 motion does not warrant equitable tolling. *See Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (petitioner can avoid "procedural conundrum" created by exhaustion requirement by filing a protective petition in federal court and asking to stay and hold in abeyance the federal habeas proceeding until state remedies are exhausted).

Finally, to the extent Petitioner's reference to *Martinez v. Ryan,* 566 U.S. 1 (2012) should be construed as an attempt to trigger equitable tolling, the argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

For all of these reasons, the Court concludes that the facts as presented by Petitioner do not warrant the application of the equitable tolling doctrine. Accordingly, the Court will dismiss the instant Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the

7

petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court will grant the State's Motion for Leave to File a Motion to Dismiss along with its Motion to Dismiss the Petition, and dismiss the Petition as time-barred without holding an evidentiary hearing.

An appropriate Order will be entered.